Colby *vs.* Lawson.

---

### COLBY *vs.* LAWSON.

The judgment of every court of competent jurisdiction is final and conclusive, unless some means or remedy is provided by law, by which it may be reversed and annulled.

The constitution has declared that the decrees of the courts of chancery shall be subject to appeals to the supreme court. This must be regarded as an exclusion of every other mode of bringing such cases into this court : and as intending to preserve the settled distinction between the methods of exercising appellate jurisdiction over the courts of common law and equity.

Therefore the act of January 5, 1843, which undertakes to extend the *operation of* writs of error to cases in equity, is unconstitutional and void.

THIS was a suit in chancery, determined in the Pulaski Circuit Court in July, 1843, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Colby, against whom the decree was rendered, brought the case into court, by *writ of error,* under the provisions of the act

of Assembly of January 5, 1843, extending writs of error to suits in equity.

On motion by defendant in error to dismiss the writ:

*By the Court,* SEBASTIAN J.   A motion has been made by the defendant to dismiss the writ of error.   This presents the question for our determination, whether a writ of error will lie from this court to the final judgments and decrees of the circuit court sitting as a court of chancery.   By the act of January 5th, 1843, (see pamphlet 45,) it was enacted "that from and after the passage of this act, writs of error may be prosecuted to any final judgment or decree of the court of chancery in this State, in like manner and under the same rules and regulations as now are or may hereafter be made applicable to writs of error upon any final judgment or decision of any circuit court."   Under the provisions of this act, the writ of error certainly extends to decrees in chancery as well as to judgments of courts of law, if it is warranted by the constitution of the State.   By the 6th sec. art. 6 of the constitution, it is provided that "until the General Assembly shall deem it expedient to establish courts of chancery, the circuit courts shall have jurisdiction in matters of equity, subject to *appeal* to the supreme court in such manner as may be prescribed by law."   Under the power of the supreme court, expressly granted by the constitution, to issue writs of error, this writ would be authorized, unless restrained by a proper interpretation of the section making the decrees of the court of chancery subject to appeal to the supreme court.   The judgment of every court of competent jurisdiction is final and conclusive unless some means or remedy be provided by law, by which it may be reversed and annulled.   The constitution has declared that the decrees of courts of chancery shall be subject to appeal to the supreme court.   In the case of *The State vs. Ashley,* 1 *Ark.* 539, the position was laid down by this court, as a rule of interpretation, that there are two ways of imposing a constitutional restriction or limitation.   One by direct negative words, or by the use of an affirmation, which may in their operation, imply a negative of other objects than those affirmed; and in such case a negative or exclusive sense must be given to the words, or they will have no ope-

ration at all. The enumeration of a specific mode of revising the proceedings of courts of chancery must, in this case, be regarded as an exclusion of every other mode, because the supreme court had appellate jurisdiction under such rules and regulations as the law might prescribe, without the aid of this express provision in this particular clause to that effect. The constitution, when it provided that such proceedings should be subject to appeal to the supreme court, did not intend merely to affirm the right of appeal to this court, for that was given in the general grant of appellate jurisdiction. To give this affirmation of the right of appeal any operation at all, it must be by way of excluding and denying the exercise of an appellate jurisdiction by any other means than that of an appeal. This conclusion is strongly fortified by the consideration that, at common law, the writ of error only lay to revise the judgments of courts of law, and did not extend to decrees in chancery, because it was not a court of record, nor did it proceed according to the course of the common law. Decrees in chancery could only be revised upon appeal. It may be then fairly presumed that the constitution, where it thus gives the appeal in chancery proceedings, intended to preserve the settled distinction in the manner of exercising jurisdiction over courts of law and equity. We therefore think that the constitution intended to exclude the application of the writ of error to such cases, and that the act of the Legislature attempting to extend it to courts of chancery, is in conflict with the constitution, and therefore confers no jurisdiction upon this court over the case before us, which must be dismissed.